15

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
DEC 04 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Anthony Zafiro

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

17cv8765
Judge Lee
Mag. Judge Gilbert
PC 9

vs.

Terri Chavez, Star # 11578, Hector Morales star # 13068, Zachary Cuatchon star # 14228 Officer Hernandez star # 16811

Case No:_____
(To be supplied by the Clerk of this Court)

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:

☑ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

☐ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

☐ **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

A. Name: Anthony Zafiro

B. List all aliases: _____

C. Prisoner identification number: M20971

D. Place of present confinement: Robinson Correctional Center

E. Address: 13423 E 1150th Ave Robinson, IL 62454

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Terri Chavez star# 11578
   Title: Police Officer
   Place of Employment: Chicago Police Department

B. Defendant: Hector Morales star# 13068
   Title: Police Officer
   Place of Employment: Chicago Police Department

C. Defendant: Zachary Cuntchon star# 14228
   Title: Police Officer
   Place of Employment: Chicago Police Department

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Defendants:

A. Defendant: Terri Chavez star# 11578

   Title: Police Officer

   Place of Employment: Chicago Police Department

B. Defendant: Hector Morales star# 13068

   Title: Police Officer

   Place of Employment: Chicago Police Department

C. Defendant: Zachary Cuntchon star# 14228

   Title: Police Officer

   Place of Employment: Chicago Police Department

D. Defendant: Officer Hernandez star# 16811

   Title: Police Officer

   Place of Employment: Chicago Police Department

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: N/A

B. Approximate date of filing lawsuit: N/A

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: N/A

D. List all defendants: N/A

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): N/A

F. Name of judge to whom case was assigned: N/A

G. Basic claim made: N/A

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

I. Approximate date of disposition: N/A

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On November 13, 2015 Approximately at 6:30 pm plaintiff Anthony Zafiro was walking out of an Alley Onto Campbell Ave in chicago IL and was Stopped by Terri Chavez (Officer) star #11578 and (Officer) Hector Morales star #13068. They claimed to be Responding to a call they stated that plaintiff fit the description of a person walking down the street with a gun in Hand. After the stop they asked if plaintiff had any weapons when plaintiff didnt Respond they gave plaintiff a direct Order to put his hands on the Hood of the Car and conducted a pat down. (Officer) Hector Morales star #13068 took plaintiff bookbag off Opened it and conducted a Search without Consent and warrent the Officer then reached in and found a weapon

plaintiff was then placed in Handcuffs then transport was requested in which (Officer) Zachary Cuatchon star #14228 and (officer) Hernandez star #16811 then Arrived and conducted a Search of plaintiffs pockets and belonging as well. plaintiff was then transported to the 14th District Police Station where they Conducted an interragation and filed charges plaintiff was held in the Cook county Jail for 8 and half months from November 13, 2015 up into August 2nd 2016 plaintiff was then Released on August 2nd 2016 when charges were Dismissed do to an Illegal search and Seizure because states Attorney was unable to produce the 911 audio call and transcripts of what was said in Alleged 911 call.

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

The plaintiff is asking the courts in the amount of Twenty million dollars for wrongful incarceration, Compensatory Damages, punitive Damages, Emotional Distress, pain and Suffering. Injunction which prevents the Defendants doing this Illegal Act to me again and for Violation of my Constitutional Rights.

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 27th day of November, 20 17

_Anthony Zafiro_
(Signature of plaintiff or plaintiffs)

AnThony Zafiro
(Print name)

M20971
(I.D. Number)

13423 E. 1150th Ave.
Robinson, IL 62454
(Address)

OFFICIAL SEAL
TERESA J BEARD
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/20/20

_Teresa J. Beard_ 11-27-17

STATE OF ILLINOIS )
)SS
COUNTY OF COOK )

## IN THE CIRCUIT COURT OF COOK COUNTY
### CRIMINAL DIVISION

**PEOPLE OF THE STATE OF ILLINOIS** )
)
-vs- ) No. 15CR1990001
)
**ANTHONY ZAFIRO** )

### MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE

Now come the defendant, ANTHONY ZAFIRO, by his attorney, AMY P. CAMPANELLI, Public Defender of Cook County, through JANICE M. KOWALSKI, Assistant Public Defender and moves this Honorable Court to the quash arrest and suppress from introduction into evidence the direct and indirect products of said arrest.

1. On November 13, 2015, petitioner was improperly stopped, searched, and arrested at or near 1923 N. Campbell Ave., Chicago, Illinois, by Chicago Police Officers Terri Chavez, Star # 11578; Hector Morales, Star # 13068; Zachary Cuatchon, Star # 14228; and Officer Hernandez, Star # 16811, acting in their official capacity.

2. The stop and search was a seizure as contemplated by the Fourth Amendment to the United States Constitution and Article 1, Section 6, of the Illinois Constitution.

3. The Fourth Amendment of the United States Constitution and Article 1, Section 6, of the Illinois Constitution, guarantee the right of persons to be secure from unreasonable search and seizure of their persons, houses, papers and effects.

4. The Exclusionary Rule prohibits the introduction into evidence of the direct and

indirect products of unreasonable searches and seizures. Mapp v. Ohio, 367, U.S. 643 (1961); Wong Sun v. U.S., 371 U.S. 471, (1963).

5. The stop and search arrest of petitioner was made without authority of a valid search or arrest warrant. Payton v. N.Y., 445 U.S. 573, 1980.

6. The conduct of petitioner prior to his stop, search, and arrest, walking in the north alley of the 2400 block of Cortland Ave. and then westbound toward Campbell Ave., was such as would not reasonably be interpreted by the arresting officers as constituting probable cause that petitioner had committed or was about to commit a crime.

7. Subsequent to petitioner's arrest he was searched, photographed, fingerprinted and otherwise processed, questioned and exhibited by the police.

8. During the stop and search arrest and subsequent detention, the police and prosecution became aware of the existence of physical evidence, specifically a black semi-automatic Luger Hi-Point model C9, with one live 9mm round, and other evidence, all the direct and indirect fruits of the arrest and detention, which connect petitioner with a crime.

9. During the arrest and subsequent detention, verbal and written statements, as well as gestural signals were elicited from defendant, the detention having provided the police with the forum for interrogation.

10. As a result of the arrest, the prosecution has acquired knowledge that it intends to employ in the prosecution of this cause in violation of 4th & 14th Amendments of the United States Constitution and Article 1, Section 6, of the Illinois Constitution.

**WHEREFORE,** petitioner respectfully moves this Honorable Court to quash his arrest, because of the absence of authority or probable cause to effect it, and to suppress from introduction into evidence the following:

- A. Physical evidence discovered directly and indirectly as a result of the arrest and detention;

- B. Statements, utterances, reports of gestures and responses by petitioner during the detention following the arrest;

- C. Any in-court or out of court identification of petitioner;

- D. Photographs, fingerprints, and other information, the product of the processing of petitioner following his arrest, and the fruits thereof;

- E. All other knowledge and the fruits thereof, witnesses, statements, whether written, oral or gestural and physical evidence which is the direct and indirect product of the arrest.

Respectfully submitted,

AMY P. CAMPANELLI   #30295
Public Defender of Cook County

By: _____

Assistant Public Defender