**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Anthony Zafiro, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 2017 C 8765 |
| Terri Chavez, Star#11578, ) | |
| Hector Morales, Star#13068, ) | Judge: John Z. Lee |
| ) | |
| ) | Magistrate Judge: Jeffrey T. Gilbert |
| ) | |
| Defendant(s). ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, Anthony Zafiro ("Mr. Zafiro"), by and through his attorney, Kendall E. Woods, and as his response in opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, Mr. Zafiro states as follows:

**INTRODUCTION**

Defendants attempt to avoid their liability for violating Mr. Zafiro's Fourth Amendment rights by arguing that Mr. Zafiro's complaint is barred by the statute of limitations. The statute of limitations is rarely a good reason to dismiss a complaint under Rule 12(b)(6) and the question is only whether there is any set of facts that if proven would establish a defense to the statute of limitations. *Moore v. Morales*, 415 F. Supp. 2d 891, 894 (N.D. Ill. 2006). Here, the facts establish that Mr. Zafiro's complaint was timely. As set forth in Mr. Zafiro's Amended Complaint, the purported basis for Defendants' stop and search was an alleged 911 call. In June, 2016, during

1

Mr. Zafiro's investigation of the criminal charges, Mr. Zafiro first learned that the purported 911 call did not exist. It was not until this point that Mr. Zafiro discovered that the Defendants' stop and search were unconstitutional and without reasonable suspicion. Mr. Zafiro filed his initial complaint on December 4, 2017 – well within the two year statute of limitations for §1983 claims. Accordingly, Mr. Zafiro states a timely claim upon which relief may be granted and the Court should deny Defendants' motion for dismissal.

## STATEMENT OF FACTS

On the night of November 13, 2015, as Mr. Zafiro was walking out of an alley near N. Campbell Ave, Defendants approached Mr. Zafiro without reasonable suspicion and subsequently subjected Mr. Zafiro to an unlawful stop and search. (*See* Amended Complaint, Dkt. No. 14) After conducting a frisk of Mr. Zafiro's body and finding nothing, Defendants proceeded to search Mr. Zafiro's bag without cause and without consent. (*See id.*) Inside Mr. Zafiro's bag Defendants discovered a gun. (*See id.*) Mr. Zafiro was arrested and taken to Cook County jail. (*See id.*).

As support for the stop and search, Defendants claimed the existence of a 911 call. (*See id.*) Mr. Zafiro had no way of knowing at the time of the unconstitutional stop and search that the alleged 911 call did not exist. Indeed, it was not until on or around June 28, 2016, when discovery officially closed in Mr. Zafiro's criminal case, that Mr. Zafiro first learned that the purported 911 call that Defendants' claimed provided them reasonable suspicion for the stop ***did not exist***. (*See id.*) During Mr. Zafiro's defense counsel's investigation of Mr. Zafiro's stop and subsequent arrest, Mr. Zafiro's defense counsel requested evidence of the 911 call used as the purported basis establishing reasonable suspicion for the stop. Defendants were unable to produce any alleged

911 call that provided reasonable suspicion for the stop and search. (*See id.*) Subsequently, Mr. Zafiro's counsel filed a motion to quash evidence of the gun based on the unlawful stop and search. On August 2, 2016, the Court heard the motion to quash. Finding that there was no reasonable suspicion for the stop and search, the Court granted Mr. Zafiro's motion to quash and dismissed all charges. (*See id.*)

On December 4, 2017, Mr. Zafiro filed this timely action against Chicago Police Officers Terri Chavez, Star #11578 ("Chavez") and Hector Morales, Star #13068 ("Morales") pursuant to 42 U.S.C § 1983 for violating his rights under the Fourth Amendment of the United States Constitution. The Court dismissed the initial Complaint and Mr. Zafiro was given leave to amend his Complaint. (*See* January 11, 2018 Order, Dkt. No. 5). Mr. Zafiro filed his Amended Complaint with the Court on March 2, 2018. (*See* Amended Complaint, Dkt. No. 14). The Court ruled that Plaintiff's Amended Complaint "states a claim against [Officers Chavez and Morales] stemming from the stop and searches that led to the discovery of the gun." (*See* May 17, 2018 Order, Dkt. No. 13).

## STANDARD OF REVIEW

Motions to dismiss test the sufficiency, rather than the merits, of a case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "provide the grounds of his entitlement to relief" by presenting sufficient facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65, 550 U.S. 544, 555 (U.S.,2007) (internal quotation marks, brackets, and citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim

showing that the pleader is entitled to relief," to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41,47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id*. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. At 570. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 W.Ct. 1937, 1950 (2009). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 550 U.S. 544, 556 (U.S.,2007).

      The statute of limitations is an affirmative defense and "is rarely a good reason to dismiss under Rule 12(b)(6)." *Moore v. Morales*, 415 F. Supp. 2d 891, 894 *citing Reiser v. Residential Funding Corp*., 380 F.3d 1027, 1030 (7th Cir.2004). "In a motion to dismiss, 'the question is only whether there is any set of facts that if proven would establish a defense to the statute of limitations.'" *Id*. at 768 (*quoting Early v. Bankers Life and Casualty Co*., 959 F.2d 75, 80 (7th Cir.1992)) (emphasis in original). "A plaintiff is not required to negate an affirmative defense, such as the statute of limitations, in his complaint." *Id*. (*quoting Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir.2003)). The statute of limitations on Mr. Zafiro's §1983 claimed was tolled until Mr. Zafiro learned that the 911 call that was the purported basis for his stop did not exist. It was at that time – on or about June 28, 2016 - that Mr. Zafiro first discovered his §1983 claim against Chavez and Morales. Accordingly, Mr. Zafiro's complaint is timely.

**ARGUMENT**

Plaintiff timely filed his Complaint within the statute of limitations period. Defendants' agree that the statute of limitations for a §1983 claim does not accrue until a plaintiff knows or should have known that a constitutional violation has occurred. (*See* Motion, p. 4). Here, Mr. Zafiro did not learn that a constitutional violation occurred until June 28, 2016 when he learned that the 911 call that Defendants' claimed as the basis for their stop and search did not exist. Mr. Zafiro filed his §1983 complaint on December 4, 2017 – well within two years of when he learned that the constitutional violation occurred. Thus, Mr. Zafiro's claim is timely as a matter of law and the Court should deny Defendants' Motion to Dismiss.

The statute of limitations for section 1983 claims is governed by state law regarding personal injury actions. *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir.2011). Illinois state law dictates that a two-year statute of limitations period accompany personal injury actions. 735 ILCS 5/13-202; *Kelly v. City of Chicago, 4 F.3d 509, 511* (7th Cir.1993). In Illinois, the statute of limitations for §1983 claims is two years. *Id.* However, federal law governs the accrual of claims. *Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir.1992). In Section 1983 claims, accrual begins when a Plaintiff knew or should have known that his or her constitutional rights were violated. *Kelly*, 4 F.3d at 511.

In the present case, Mr. Zafiro discovered for the first time on June 28, 2016 that his constitutional rights had been violated when he learned that the purported 911 call - Defendants' claimed basis for reasonable suspicion for their stop and search – did not exist. Though Mr. Zafiro's stop and subsequent arrest occurred on November 13, 2015, at no time during this arrest could Plaintiff have known or have any reason to believe that the alleged 911 call relied upon by

5

Defendants did not exist. Since Mr. Zafiro did have a gun in his backpack at the time of his arrest, he did not have any inclination of innocence that would have made him question Defendants' assertion of a 911 call as the basis for the stop. This combination of a falsified or insufficient basis for the stop and search and that Mr. Zafiro did have a gun in his possession resulted in Mr. Zafiro's reasonable reliance on Defendants' claim that the 911 call did exist and provided reasonable suspicion for Defendants' stop, search, and arrest.

Given the above, Mr. Zafiro had no immediate reason to doubt the legitimacy of the stop and search. It was not until June 28, 2016, through the diligent investigation by Mr. Zafiro's defense counsel, that Mr. Zafiro learned that the 911 call was non-existent. It was not until this point that Mr. Zafiro discovered that Defendants violated his Fourth Amendment rights by conducting an unconstitutional stop and search. As a result, Mr. Zafiro's section 1983 claim did not accrue until on or about June 28, 2016. Mr. Zafiro filed his §1983 claim on December 4, 2017 - well within the two-year period of limitations.

## CONCLUSION

Mr. Zafiro did not and could not have learned that the Defendants' claimed basis for his stop – a 911 call – did not exist at the time of the unconstitutional stop and search. Only through diligent investigation, in June, 2016 Mr. Zafiro learned of the violation of his constitutional rights. For this reason, the accrual date for the statute of limitations should be tolled until June 28, 2016. Mr. Zafiro filed his complaint on December 4, 2017- well within the two year statute of limitations. As a result, Defendants' motion to dismiss should be denied.

Respectfully Submitted,

 /s/ Kendall E. Woods
Kendall E. Woods
Partner, Laurie & Brennan, LLP
2 N Riverside Plaza, Suite 1750, Chicago, IL 60606
312-470-6021
kwoods@lauriebrennan.com

### Certificate of Service

I, Kendall E. Woods, an attorney, hereby certify that on September 14, 2018, I caused a true and correct copy of the foregoing Plaintiff's Response To Defendants' Motion To Dismiss Plaintiff's First Amended Complaint with the Clerk of the Court using the CM/ECF system which will send e-mail notification of such filing to the below listed counsel.

Jennifer K. Bagby
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, IL 60602
(via CM/ECF System)

All attorneys of record
(via CM/ECF System)

 /s/ Kendall E. Woods
Kendall E. Woods

8