# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Anthony Zafiro, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-cv-08765 |
| vs. ) | |
| ) | Judge John Z. Lee |
| Terri Chavez, Star #11578, Hector Morales ) | |
| Star #13068, ) | Jury Demanded |
| ) | |
| Defendants. ) | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Terri Chavez and Hector Morales ("Defendants"), by and through one of their attorneys, Elizabeth Hanford, Assistant Corporation Counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submit the following Reply in Support of their Motion to Dismiss Plaintiff's First Amended Complaint and state as follows:

## INTRODUCTION

On May 17, 2018, this Honorable Court entered an order finding that the only pending claim against Defendant Officers was for an alleged unreasonable search and seizure. *See* May 17, 2018, Ct. Order, ECF No. 13. Defendants filed a Motion to Dismiss based upon the applicable two-year statute of limitations. *See* Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 22. Plaintiff filed a response, alleging that the statute of limitations accrued at the close of discovery during his criminal case. *See* Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 29.

## ARGUMENT

Current case law is clear that "a Fourth Amendment claim accrues at the time of the search or seizure." *Neita v. City of Chicago*, 830 F.3d 494 (7th Cir. 2016). Plaintiff cites to no

authority to support the proposition that an unreasonable search and seizure claim accrues at the close of discovery in a criminal case. As Plaintiff asserts in his Complaint, the search and seizure occurred on November 13, 2015, which means his claim accrued on that date and expired two years later. Thus, Plaintiff's original complaint, filed on December 4, 2017, was 21 days late.

Even if one turns to equitable estoppel, Plaintiff's argument still fails. The doctrine of equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time." *Rosado v. Gonzales*, 832 F.3d 714, 716 (7th Cir. 2016). Plaintiff has not alleged that Defendant Officers took any steps to prevent him from suing them prior to the expiration of the statute of limitations. Moreover, an "essential element [of equitable tolling] is that the plaintiff [must] have exercised due diligence." *Shropshear v. Corporation Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001). For example, in *Mihelic v. Will County Illinois*, where the plaintiff did not "become aware" of a potential constitutional violation until after speaking with an attorney, the court still found that the statute of limitations applied. 826 F.Supp.2d 1004, 1111-1112 (N.D. Ill. Nov. 28, 2011) ("*Wallace* [*v. Kato*] and *Evans* [*v. Poskon*] provide a clear rule that a Section 1983 action for an unlawful search or seizure accrues immediately, at the time of the search or seizure").

Similarly here, even if Plaintiff did not "became aware" of a constitutional violation until after the close of discovery in his criminal case, with the help of his attorney, Plaintiff is not excused from filing within the applicable statute of limitations. Plaintiff was required to exercise due diligence and file within the two-year time frame. Plus, if it is true, as Plaintiff claims, that he "became aware" of the alleged constitutional violation on June 28, 2016, this means he still had plenty of time to file a complaint before the statute of limitations ran. Even the doctrine of

equitable tolling "does not reset the statute of limitations; instead, the doctrine requires that the plaintiff get the litigation under way promptly after the circumstance justifying delay is no longer present." *Rosado*, 832 F.3d at 717.  Allowing Plaintiff to circumvent the applicable statute of limitations in this scenario, where he admits that he had at least year and a half to investigate, would directly conflict with the purposes behind equitable estoppel and equitable tolling.

WHEREFORE, Defendants respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiff's First Amended Complaint in its entirety with prejudice and for any other relief deemed just by this Honorable Court.

Dated: September 21, 2018

Respectfully submitted,

EDWARD N. SISKEL
Corporation Counsel

**By:** /s/ *Elizabeth K. Hanford*
Elizabeth K. Hanford
Assistant Corporation Counsel
City of Chicago, Department of Law
30 N. LaSalle St., Ste. 900
(312) 742-5113            Chicago, Illinois 60602
Atty. No. 6324009         Elizabeth.Hanford@cityofchicago.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2018, I electronically filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

TO: Kendall Elizabeth Woods
Laurie & Brennan LLP
Two North Riverside Plaza
Suite 1750
Chicago, IL 60606
(via CM/ECF System)

All attorneys of record
(via CM/ECF System)

/s/*Elizabeth K. Hanford*
Elizabeth K. Hanford
Assistant Corporation Counsel