# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Anthony Zafiro (M-20971), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 8765 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| Terri Chavez and Hector Morales, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In November 2015, Plaintiff Anthony Zafiro was arrested by two Chicago Police Officers, Defendants Terri Chavez and Hector Morales ("the Officers"). Zafiro has filed an amended complaint, asserting a claim under 42 U.S.C. § 1983 for an unlawful search and seizure. The Officers have moved to dismiss the amended complaint in its entirety. For the reasons provided herein, the Officers' motion is granted.

## Background[1]

Zafiro was walking in an alley near 1923 North Campbell Avenue in Chicago when the Officers stopped him on November 13, 2015. Am. Compl. at 4, ECF No. 14. The Officers recognized Zafiro from their previous interactions with him. *Id.* at 4–5. Officer Chavez conducted a "stop and frisk pat down" and found nothing on Zafiro's person. *Id.* at 4. The Officers then asked if they could search Zafiro's bookbag, and Zafiro refused. *Id.* Officer Morales then "snatched" the bag from Zafiro, searched it, and found a gun inside. *Id.*

Zafiro alleges that the Officers conducted the initial stop and frisk for the purpose of harassing him and lacked any reasonable suspicion or probable cause. *Id.* at 5. He further alleges

---

[1] The following facts are taken from Zafiro's amended complaint, and they are accepted as true on review of the Officers' motion to dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

that the Officers concocted a fake reason for the search, "us[ing] an excuse of a non-existing 911 call which was 'conveniently lost.'" *Id.*

Zafiro filed his initial complaint on December 4, 2017, raising claims under 42 U.S.C. § 1983. Compl. at 5–7, ECF No. 1. After the complaint was dismissed on initial review pursuant to 28 U.S.C. § 1915A, Zafiro filed an amended complaint. The Court again reviewed the complaint under § 1915A and dismissed Zafiro's claims for false arrest and unlawful detention, but allowed his search-and-seizure claim to proceed. Order of 5/17/18 at 3–4, ECF No. 13.

## Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## Analysis

The Officers seek dismissal of this case on the ground that Zafiro's claim is barred by the applicable statute of limitations. Although "a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations," a district court may dismiss a claim

2

under Rule 12(b)(6) if the complaint reveals that the claim is unquestionably untimely. *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017); *see also Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) ("Although the statute of limitations is ordinarily an affirmative defense . . . a district court may dismiss . . . [a claim] that is indisputably time-barred."). A plaintiff may "plead himself out of court" if his complaint includes factual allegations that establish that he is not entitled to relief as a matter of law. *O'Gorman v. City of Chi.*, 777 F.3d 885, 889 (7th Cir. 2015) ("[I]f a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground.").

In Illinois, the statute of limitations for a § 1983 claim is two years. *Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993). While state law determines the length of the limitations period for a § 1983 claim, federal law determines the date of accrual of the cause of action. *Id.* Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (internal citations omitted); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("Accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.") (internal quotation marks and alterations omitted).

Here, the amended complaint describes events that took place on November 13, 2015; however, Zafiro waited until December 4, 2017, to file this lawsuit. *See* Am. Compl. at 4; Compl. at 1. The Officers contend that Zafiro's cause of action began to accrue on the date of the search and seizure, and therefore his original complaint was untimely. Defs.' Mot. Dismiss at 4, ECF No. 22.

Zafiro disagrees, arguing that his cause of action did not accrue until June 28, 2016, when he learned that the purported 911 call did not exist during discovery in his criminal case. Pl.'s Resp. Defs.' Mot. Dismiss at 6, ECF No. 29. Until then, as Zafiro sees it, he did not know that his

rights were violated, because he had no reason to believe "that the alleged 911 call relied upon by [the Officers] did not exist." *Id.* at 5–6. Furthermore, he argues, because he was carrying a gun in his bookbag at the time of the stop, he had no "inclination of innocence" that would have made him question the existence of the 911 call. *Id.* at 6.

These arguments are unpersuasive. "A Fourth Amendment claim accrues at the time of the search or seizure." *Neita v. City of Chi.*, 830 F.3d 494, 498 (7th Cir. 2016). Zafiro knew, on November 13, 2015, that the Officers had harmed him, causing the statute of limitations to accrue regardless of whether he identified every specific procedural defect. *See United States v. Kubrick*, 444 U.S. 111, 122 (1979) (explaining that the statute of limitations accrues for a "plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury" because "[t]here are others who can tell him if he has been wronged, and he need only ask"); *see also Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018) ("[Plaintiff's] ignorance of his legal rights does not affect the accrual of his claim for statute of limitations purposes.").

Zafiro's allegations demonstrate that he knew as of November 13, 2015, that the Officers recognized him and stopped him to purportedly harass him. Am. Compl. 4–5 ("Officials recognized Plaintiff and without any reasonable suspicio[n] or probable cause conducted a stop-n-frisk in an attempt to 'harass' Plaintiff."). What is more, the Officers found a gun *only after* searching Zafiro's bookbag. *Id*. Thus, regardless of the purported 911 call, Zafiro knew or should have known at the time the Officers searched him that they lacked the requisite reasonable suspicion and that his rights had been violated. *See Terry v. Ohio*, 392 U.S. 1, 27 (1968) (holding that, at a minimum, reasonable suspicion is required for a police officer to initiate a stop and frisk). Zafiro's later discovery that the 911 call did not exist does not delay the accrual of the statute of

limitations for his search-and-seizure claim. *See Wallace*, 549 U.S. at 388 ("The cause of action accrues even though the full extent of the injury is not then known or predictable.").

Finally, while Zafiro has not raised the issues of equitable estoppel and equitable tolling, the Officers argue that neither applies in this case. The Court agrees. Zafiro has not alleged that the Officers prevented him from filing suit, and he delayed well over a year to file this lawsuit even after learning that the 911 call did not exist. *See Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013) (stating that equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time," while equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim") (internal quotation marks and emphasis omitted).

Zafiro had actual or reasonable notice on November 13, 2015, of a constitutional violation giving rise to a § 1983 action, and his delay in filing suit is not excused by the doctrine of equitable estoppel or equitable tolling. Because the two-year statute of limitations for Zafiro's sole remaining claim has expired, the Court grants the Officers' motion to dismiss.

## Conclusion

For the reasons stated herein, the Officers' motion to dismiss is granted, and Zafiro's complaint is dismissed with prejudice. This case is hereby terminated.

**IT IS SO ORDERED.**    **ENTERED  3/8/19**

_____
**John Z. Lee**
**United States District Judge**